UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,
vs.

GORDON FOOD SERVICE STORE LLC
d/b/a Gordon Food Service at 2299 SW 8 Street
and VISTA LINDA PLAZA, LTD.

    Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Gordon Food Service Store, LLC doing business as the Gordon Food Service Store at 2299 SW 8 Street and Defendant Vista Linda Plaza, Ltd. for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

1

3.	Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4.	Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5.	Defendant Gordon Food Service Store, LLC (also referenced as "Defendant GFS," "operator," lessee" or "co-Defendant") is a foreign limited liability company operating in Florida which is a subsidiary to Gordon Food Service (GFS) which is a privately held foodservice distributor based in Wyoming, Michigan serving the Midwest, Northeast, Southeast, and Southwest regions of the United States and coast-to-coast in Canada.  Defendant GFS also owns and operates a chain of supermarkets called "Gordon Food Service Store." Defendant GFS is the owner and operator of the Gordon Food Service Store located at 2299 SW 8 Street, Miami, Florida 33135.

6.	Defendant Vista Linda Plaza, Ltd. (also referenced as "Defendant Vista," "lessor," "owner," or "co-Defendant") is the owner of real property located at 2299 SW 8 Street, Miami, Florida 33135, more fully identified as Folio 01-4103-046-0020. Defendant's Vista's real property is built-out as a supermarket.

## **FACTS**

7. At all times material hereto, Defendant Vista's real property has been leased to co-Defendant GFS. The lessee in turn has operated its Gordon Food Service Store within that leased space.

8. The Gordon Food Service Store brand is an American supermarket chain. Gordon Food Service Stores sell produce, meat, seafood, baked goods, deli goods, beverages, dairy items and other grocery items. All Gordon Food Service Stores are places of public accommodation pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). The Gordon Food Service Store located at 2299 SW 8 Street, Miami which is the subject of this complaint is also referenced as "GFS (supermarket)," "Gordon Food Service Store at 2299 SW 8 Street," "supermarket," or "place of public accommodation."

9. At all times material hereto, Defendant GFS was (and is) a company owning and operating supermarkets under the "Gordon Food Service Store" brand which are open to the public. Each of the Defendant's supermarkets (including the Gordon Food Service Store at 2299 SW 8 Street) is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(E) and 28 C.F.R. §36.104(5).

10. As the operator of supermarkets which are open to the public, Defendant GFS is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a supermarket; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

11. Due to the close proximity of Plaintiff's home to the 2299 SW 8 Street Gordon Food Service Store, on May 12, 2021 Plaintiff went to that Gordon Food Service Store with the intent of purchasing groceries.

12. When parking within close proximity of the supermarket, Plaintiff encountered barriers to entry. Later, while shopping, Plaintiff went to the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he perambulates with the assistance of a wheelchair.

13. Based on the access impediments Plaintiff encountered when patronizing the Gordon Food Service Store, Plaintiff has been denied full and equal access by the operator/lessee of the Gordon Food Service Store (Defendant GFS) and by the owner/lessor of the commercial property which houses the supermarket (Defendant Vista).

14. On information and belief, Defendant GFS owns and operates 175 Gordon Food Service Stores, therefore Defendant GFS is aware of the ADA and the need to provide for equal access in all areas of its Gordon Food Service Stores. Defendant GFS's failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its Gordon Food Service Store located at 2299 SW 8 Street is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

15. As the owner of commercial real property which is operated as a supermarket open to the public, Defendant Vista is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). On information and belief, as an investor and owner of a commercial property being used as a public accommodation, Defendant Vista is aware of the ADA and the need to provide for equal access in all areas of its

commercial property which are open to the public. Therefore, Defendant Vista's failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its commercial property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

16. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

17. Plaintiff continues to desire to patronize the Gordon Food Service Store located at 2299 SW 8 Street, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

18. Any and all requisite notice has been provided.

19. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

21. Congress explicitly stated that the purpose of the ADA was to:

     (i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

     (ii)    provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

     (iii)   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

22. Prior to the filing of this lawsuit, Plaintiff personally visited the Gordon Food Service Store at 2299 SW 8 Street in order to purchase groceries, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met impediments to access. Therefore, Plaintiff has suffered an injury in fact.

23. Defendant GFS (lessee/operator of the Gordon Food Service Store at 2299 SW 8 Street) and Defendant Vista (the owner/lessor of the real property housing that Gordon Food Service Store) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the supermarket, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

24. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Gordon Food Service Store located at 2299 SW 8 Street.

25. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

26. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

27. The commercial space which is owned by Defendant Vista is leased to Defendant GFS who operates its Gordon Food Service Store from that location. This commercial space is in violation of 42 U.S.C. §12181 *et. seq.*, the ADA and 28 C.F.R. §36.302 *et. seq.*, and both the owner/lessor and the lessee are discriminating against the Plaintiff as a result of <u>inter alia</u>, the following specific violations:

i. As to Defendant GFS (lessee/operator) and Defendant Vista (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty exiting the vehicle, as the designated accessible parking spaces are located on an excessive slope. Failure to provide accessible means of egress from the parking to the supermarket due to the slope of the parking lot is in violation of 2010 ADA Standards for Accessible Design Section 207.1 and Section 403.3 which states that the running slope of walking surfaces shall not be steeper than 1:20 and the cross slope shall not be steeper than 1:48 and Section 403.4 which requires change in slope to comply with Section 303, wherein Section 303.4 requires changes in level greater than ½ inch shall be ramped.

See also Section 4.6.3 of the ADAAG which states that parking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions.

ii. As to Defendant GFS (lessee/operator) and Defendant Vista (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty perambulating to the supermarket from the parking lot, as the curb ramp encroaches over the designated handicapped accessible parking space access isles. The fact that the curb ramp encroaches over the accessible parking space access aisles has violated Section 4.7.6 of the ADAAG and Section 406.5 of the 2010 ADA Standards for Accessible Design. The curb ramp encroachment has also resulted in the designated parking not providing an accessible route to the supermarket which is in violation of C.F.R. Part 36, Section 4.3.2(2) which states: "at least one accessible route shall connect accessible buildings … and spaces that on the same site."

iii. As to Defendant GFS (lessee/operator) and Defendant Vista (owner/lessor of the property) (jointly and severally), there are permanently designated interior spaces without proper signage, as the men's accessible restroom sign is mounted on the hinge side of the door, which is in in violation of Section 4.1.3(16) and 4.30 of the ADAAG and Section 216.6 and Section 703 of the 2010 ADA Standards for Accessible Design.

iv. As to Defendant GFS (lessee/operator) and Defendant Vista (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty opening the restroom door, as it does not have the required door pressure. The restroom door opening force resulted in the need for excessive weight/force to open/close. This is violative in many areas: The door opening force shall not be greater than that delineated at 28

8

       C.F.R. Part 36.211. Section 404.2.7 of the 2010 ADA Standards for Accessible Design states that operable parts on doors and gates must comply with 309.4 and Section 404.2.9 states that the force required to activate the door shall be 5 pounds maximum. Section 404.2.8.1 requires that door and gate spring hinges must be adjusted so that the time to move the door to a position of 12 degrees from the latch is 5 seconds minimum, and 404.2.8.2 delineates door closing speed, and a violation of Section 4.13.11 of the 2010 ADA Standards for Accessible Design.

v. As to Defendant GFS (lessee/operator) and Defendant Vista (owner/lessor of the property) (jointly and severally), Plaintiff could not enter the restroom area without assistance, as the required maneuvering clearance on the push side of the restroom entry door is not provided. The fact that the restroom entry door does not provide the required maneuvering clearance is a violation Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design.

vi. As to Defendant GFS (lessee/operator) and Defendant Vista (owner/lessor of the property) (jointly and severally), Plaintiff could not enter the accessible stall area without assistance, as the required maneuvering clearance on the pull side of the door is not provided. This is a violation of Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design. Section 4.13.6 states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case.

vii. As to Defendant GFS (lessee/operator) and Defendant Vista (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty using the locking mechanism on the restroom door without assistance, as it requires tight grasping. Failure to provide door hardware which is accessible to the disabled is in violation of the 2010 ADA Standards for Accessible Design which requires that handles pulls and latches must have hardware in a shape that is easy to grasp with one hand as required by 28 C.F.R., Part 36 Section 4.13.9 and 2010 ADA Standards for Accessible Design, Section 404.2.7 (door hardware must be operable with a closed fist or a loose grip) and §309.4 (operable parts are to be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist and have a force required to activate no more than 5 pounds).

viii. As to Defendant GFS (lessee/operator) and Defendant Vista (owner/lessor of the property) (jointly and severally), Plaintiff could not open the restroom door without assistance, as the required maneuvering clearance on the pull side of the door is not provided.  This is a violation of 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design. Section 4.13.6 states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case.

ix. As to Defendant GFS (lessee/operator) and Defendant Vista (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the stall door, as it is missing pull handles, which is in violation of Sections 4.27.4 of the ADAAG and

       Sections 604.8.1.2 of the 2010 ADA Standards of Accessible Design, as the toilet compartment (stall) door does not provide pull handles on both sides of the door near the latch.

x. As to Defendant GFS (lessee/operator) and Defendant Vista (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can). The fact that the trash can is encroaching over the accessible water closet clear floor space is a violation of Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards for Accessible Design.

xi. As to Defendant GFS (lessee/operator) and Defendant Vista (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not in the required location from the rear wall. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 of the 2010 ADA Standards for Accessible Design which states that the grab bar shall be 36 in (915 mm) minimum above the finished floor.

xii. As to Defendant GFS (lessee/operator) and Defendant Vista (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory sink inside the stall without assistance, as the lavatory sink does not provide the appropriate knee clearance of at least 27 in (685 mm) high 30 in (760 mm) wide, and 19 in (485 mm) deep underneath the sink, in violation of 28 C.F.R. Part 36, Section 4.24.3; 2010 ADA Standards for Accessible Design and Sections 4.19.2 and 4.2.4 of the ADAAG and Sections 606.2 and 305.3 of the 2010 ADA Standards for Accessible Design.

xiii. As to Defendant GFS (lessee/operator) and Defendant Vista (owner/lessor of the property) (jointly and severally), Plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area.  Because the flush valve is not mounted on the compliant side, this is in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards for Accessible Design.

xiv. As to Defendant GFS (lessee/operator) and Defendant Vista (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory sink outside the stall without assistance, as the lavatory sink does not provide the appropriate knee clearance of at least 27 in (685 mm) high 30 in (760 mm) wide, and 19 in (485 mm) deep underneath the sink, in violation of 28 C.F.R. Part 36, Section 4.24.3; 2010 ADA Standards for Accessible Design and Sections 4.19.2 and 4.2.4 of the ADAAG and Sections 606.2 and 305.3 of the 2010 ADA Standards for Accessible Design.

xv. As to Defendant GFS (lessee/operator) and Defendant Vista (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory mirror inside the stall without assistance, as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG, and Section 603.3 of the2010 ADA Standards for Accessible Design.

xvi. As to Defendant GFS (lessee/operator) and Defendant Vista (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes and water supply lines are not completely wrapped which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards of Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

xvii. As to Defendant GFS (lessee/operator) and Defendant Vista (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory mirror outside the stall without assistance, as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG, and Section 603.3 of the 2010 ADA Standards for Accessible Design.

28. Pursuant to 42 U.S.C. §12101 et seq., and 28 C.F.R. §36.304, the Defendants are required to make the subject Gordon Food Service Store accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

29. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the supermarket therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against Defendant Vista Linda Plaza, Ltd. (owner of the commercial property operated as a Gordon Food Service Store) and Defendant Gordon Food Service Store, LLC (lessee and operator of the Gordon Food Service Store located within the co-Defendant's commercial property) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and Gordon Food Service Store located at 2299 SW 8 Street such that it

becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 1st day of July 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*